**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5188**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

SANDRA ELLIOTT,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.  (5:09-cr-00383-BO-1)

Submitted:  June 22, 2012            Decided:  July 2, 2012

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Ronnie M. Mitchell, THE MITCHELL LAW GROUP, Fayetteville, North Carolina, for Appellant.   Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sandra Elliott pled guilty, pursuant to a written plea agreement, to health care fraud, and aiding and abetting, in violation of 18 U.S.C.A. § 1347 (West 2006 & Supp. 2012) and 18 U.S.C. § 2 (2006). The district court sentenced Elliott to 120 months' imprisonment. On appeal, Elliott argues that she was denied effective of assistance of counsel at sentencing and that her sentence was unreasonable.

The Government seeks to enforce the appellate waiver provision of the plea agreement and has moved to dismiss Elliott's appeal. In response, Elliott asserts that the issues she raises on appeal are outside the scope of the waiver.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). An appellate waiver must be "the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks and citation omitted). We review de novo whether a defendant has effectively waived her right to appeal. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

In her plea agreement, Elliott agreed to waive her right to appeal a within-Guidelines sentence, but reserved her right to raise on appeal issues of ineffective assistance of

2

counsel or prosecutorial misconduct. Elliott does not challenge the validity of her waiver of appellate rights, but contends that the issues she raises on appeal are outside the scope of the waiver.

As the district court imposed a sentence within the Guidelines range established at sentencing, Elliott's challenge to her sentence falls within the scope of the waiver and may not be reviewed by this court. However, Elliott's claim that counsel was ineffective at sentencing is outside the scope of the waiver and is subject to appellate review. Nevertheless, claims of ineffective assistance of counsel should be raised in a 28 U.S.C.A. § 2255 (West Supp. 2012) motion rather than on direct appeal, unless the appellate record conclusively demonstrates ineffective assistance. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Because the record here does not conclusively show that counsel was constitutionally ineffective, we decline to review this claim on direct appeal.

Accordingly, we grant the Government's motion to dismiss in part and deny it in part. We dismiss the appeal of Elliott's sentence and otherwise affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART
